{¶ 9} I respectfully dissent from the majority opinion.
 {¶ 10} While I agree the Revised Code gives the domestic relations and juvenile courts jurisdiction over cases involving support orders and CSEA believed it was forwarding money to appellee pursuant to a support order, the fact remains the payments it made to appellee were not pursuant to a support order. The support order terminated in 1992, when James Porter, the obligor, died.
 {¶ 11} The majority notes "there are a myriad of cases where an obligor has returned to family court to recoup money which CSEA wrongfully collected." Maj. Op. at para. 4. While I do not doubt the majority's statement, in the case sub judice the obligor, James Porter, is not seeking recoupment of money wrongfully collected by CSEA. The parties to the support order were appellee, the obligee, and James Porter, the obligor. CSEA was merely the collection agent. Its mistaken payment to appellee does not transform it into the obligor under the support order. The support order, having terminated as a matter of law in 1992, when the obligor thereunder died, any subsequent payments by CSEA to appellee were not made pursuant to the support order.
 {¶ 12} While CSEA clearly has a cause of action against appellee to recoup the mistaken payments, jurisdiction over its claim lies in the municipal or common pleas court. I agree with both the magistrate and the trial court, the domestic relations/juvenile court does not have subject matter jurisdiction over CSEA's claim.
 {¶ 13} I would affirm the trial court's judgment.
 {¶ 9} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellant.